MATTER OF ZEDKOVA

In Section 203 (a) (7) Proceedings

A–18049736

*Decided by Regional Commissioner November 23, 1970*

Since the term "fled" as used in section 203(a)(7) of the Immigration and Nationality Act, as amended, may reasonably be construed to include one who has avoided, abandoned or forsaken a danger or evil, it is immaterial whether the circumstances creating refugee status occurred prior or subsequent to departure from the designated country or area. Hence, an alien who departed temporarily from Czechoslovakia prior to the Communist upheaval there in August 1968, but who because of political opinion now fears to return in view of the changed conditions in that country, is eligible for refugee classification under section 203(a)(7) of the Act, as amended.

ON BEHALF OF APPLICANT:   Harold G. Grimes, Representative
International Rescue Committee, Inc.
386 Park Avenue South
New York, New York 10016

This matter is before the Regional Commissioner on certification for review of the District Director's determination that the applicant is eligible for refugee classification under section 203(a)(7) of the Immigration and Nationality Act, as amended. It was further concluded that she is entitled to adjustment of status under section 245 of the Act, as amended.

The alien is an unmarried twenty-two-year-old native and citizen of Czechoslovakia who was last admitted to the United States on April 2, 1968 as a nonimmigrant visitor for pleasure until September 30, 1968. She was granted an extension of her temporary stay until March 30, 1969. Her request for a further extension was denied and she was given until May 23, 1969 to leave this country. In view of her refusal to return to Czechoslovakia, she was subsequently granted until May 23, 1970 to depart voluntarily from the United States. On July 7, 1970 she filed the instant application for adjustment of status to that of a permanent resi-

dent and, in conjunction therewith, requested classification as a refugee.

In support of her application for refugee status, the alien has submitted an affidavit wherein she states that she last entered the United States on April 2, 1968 to visit friends; that while she was here, the Soviet Union invaded Czechoslovakia on August 20, 1968 and she was advised by her father not to return home; that her parents have always been anti-communist and her father has steadfastly refused to join the Communist Party; that he has also evidenced anti-Soviet sentiments, and, as a result, has been attacked in the Czechoslovak press and transferred from his job in Prague to a border city; that she has not heeded an order from the Czechoslovak Embassy in the United States to return to Czechoslovakia by December 31, 1969; that she feels she would be persecuted if she went back, and would be prevented from continuing her education and securing employment; that her sister and her husband, who also came to the United States on a visit, are likewise afraid to return to Czechoslovakia and have applied for permanent residence.

Section 203(a) (7) of the Act provides in pertinent part as follows:

Conditional entries shall next be made available * * * to aliens who satisfy an Immigration and Naturalization Service officer * * * (A) that (i) because of persecution or fear of persecution on account of race, religion, or political opinion they have *fled* (I) from any Communist or Communist-dominated country or area, or (II) from any country within the general area of the Middle East, and (ii) are unable or unwilling to return to such country or area on account of race, religion, or political opinion, and (iii) are not nationals of the countries or areas in which their application for conditional entry is made. . . . (Emphasis supplied)

The principal issue to be resolved in the matter at hand is whether this applicant can be regarded as having "fled" from a Communist or Communist-dominated country within the contemplation of the statute because of persecution or fear of persecution on account of race, religion or political opinion. At the time she last departed from her country, the events which militated against her return had not yet transpired. While she was in the United States, Russian troops invaded Czechslovakia on August 20 and 21, 1968 and the Government of that country was replaced with a Soviet-imposed regime. Several thousand Czechoslovak nationals escaped into Austria and Germany where they sought classification as refugees. As a consequence for the first time since section 203(a) (7) became effective, the number of refugees abroad who sought entry into the United States under this sec-

tion exceeded the number of visas available (1969 Annual Report of the Immigration and Naturalization Service, Page 11).

In addition to the thousands of Czechoslovakians who fled the Soviet invasion, there were countless others who were outside the country at the time and, because of the change in government, refused to return. It would be extremely narrow and inequitable to view those nationals who physically fled from Czechoslovakia because of political opinion as refugees and to withhold such status from those who remained out of the country for the very same reason. According to "Webster's New International Dictionary", Third Edition, the term "fled" may reasonably be construed to include one who has avoided, abandoned or forsaken a danger or evil. We believe that this broad construction is consonant with the remedial nature and purpose of section 203 (a) (7) of the Act in its use of the term. Within the context of such definition, it is immaterial whether the circumstances which caused an alien to become a refugee occurred before or after departure from the country or area.

In the instant case, we find it has been satisfactorily established that the applicant abandoned her residence in Czechoslovakia because of fear of persecution on account of her political beliefs and is unwilling to return there for the same reason. It is concluded, therefore, that she has constructively fled from a Communist country within the contemplation of the statute and meets the requirements for classification as a refugee under section 203 (a) (7) of the Act. The alien has been continuously physically present in the United States for at least two years prior to her application for adjustment of status and an immigrant visa number is immediately available to her under the proviso to section 203 (a) (7) of the Act. Inasmuch as she qualifies for adjustment in all other respects, the decision of the District Director will be affirmed.

*It is ordered* that the decision of the District Director approving the applications for classification as a refugee under section 203 (a) (7) and for adjustment of status to permanent resident under section 245 of the Immigration and Nationality Act, as amended, be and same is hereby affirmed.